

# NUMBER 13-23-00334-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## EX PARTE RONY FRANCISCO GIRON-VILLATORO

## ON APPEAL FROM THE COUNTY COURT
## OF MAVERICK COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca**
**Memorandum Opinion by Justice Fonseca**

Appellant Rony Francisco Giron-Villatoro was arrested for and charged with criminal trespass in a disaster area, a Class A misdemeanor. *See* TEX. PENAL CODE ANN. §§ 12.50, 30.05(d)(1). On March 28, 2023, the trial court denied appellant's pretrial application for writ of habeas corpus alleging that the State unconstitutionally discriminated against him on the basis of sex. This appeal followed.[1]

---

[1] This case is before the Court on transfer from the Fourth Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001.

Appellant filed his amended brief on August 7, 2023. On August 14, 2023, we granted the State's unopposed motion to abate the appeal pending the Texas Court of Criminal Appeals' disposition of *Ex parte Aparicio*, a case which involved substantially similar facts and issues. The court of criminal appeals issued its opinion in *Aparicio* on October 9, 2024. 707 S.W.3d 189, 193 (Tex. Crim. App. 2024). We reinstated the appeal on November 21, 2024. The State then filed a "Motion for Extension or Stay in Proceedings," noting that there is a petition for writ of certiorari pending before the United States Supreme Court in the *Aparicio* matter. Construing the State's motion as a request to abate the appeal, we granted that request on January 9, 2025, and we abated the appeal until further order of this Court.

The cause is now before the Court on appellant's "Amended Motion to Dismiss Appeal." We may dismiss an appeal in a criminal case upon an appellant's motion to dismiss only if the motion is signed by the appellant and his or her attorney. TEX. R. APP. P. 42.2(a). Appellant's amended motion is electronically signed by appellant and his counsel. *See* TEX. R. APP. P. 9.1(c) (generally permitting electronic signatures in electronically filed documents). Counsel states in the amended motion that appellant "is not in the United States," "has no access to a computer printer" or scanner, and "gave counsel permission to sign on his behalf as his legal representative."

Having reviewed the amended motion and the relevant record documents, we conclude the motion should be granted. To the extent appellant's handwritten signature is required by Rule 42.2(a), that rule is suspended to expedite the decision, for good cause, and in the interests of justice. *See* TEX. R. APP. P. 2. Accordingly, the appeal is reinstated, appellant's "Amended Motion to Dismiss Appeal" is granted, and the appeal

is dismissed. *See* TEX. R. APP. P. 42.2(a). Having dismissed the appeal at appellant's request, this Court will entertain no motion for rehearing. Any and all other pending motions are denied as moot.

YSMAEL D. FONSECA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
12th day of June, 2025.